UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH EDWARD LEVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-3306 (UNA) |
| ) | |
| ) | |
| AT&T WIRELESS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of the Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. (The *pro se* complaint names Never Give Up, Inc., as a co-plaintiff. Because a corporation can neither appear *pro se* nor proceed *in forma pauperis*, *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006), this case will proceed in Levy's name only.)

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at

the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). An "allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Germantown, Maryland, has sued AT&T Wireless located on Wisconsin Avenue in the District of Columbia. In the one-page complaint, Plaintiff alleges that he purchased a telephone in March 2015. At an unspecified time, the telephone began to show "strange symbals" and receive strange calls and texts. Plaintiff concludes that the phone "has been compromised and [has] prevented [him] from making money." The Complaint contains no facts establishing each party's citizenship nor a demand for relief. Even so, "federal courts are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). Therefore, this action will be dismissed by separate order.

_____/s/_____  
JAMES E. BOASBERG  
United States District Judge

Date: November 21, 2022